IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JENNIFER ORME, | Civ No. 6:25-cv-01592-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| ELDERCARE RESOURCES, INC. et al., | |
| Defendants. | |

MCSHANE, Judge:

In this case involving a trust, Plaintiff attempts to revive claims and issues that were resolved in state court. In direct contravention of *Rooker-Feldman*, Plaintiff asks this Court to review and reject those state court judgments.

Because the Court lacks jurisdiction to hear Plaintiff's claims, ECF Nos. 23, 29, and 31 are **GRANTED IN PART**; ECF No. 22 is **DENIED AS MOOT**; and this action is **DISMISSED**, with prejudice.

## **LEGAL STANDARD**

**I.   Subject matter jurisdiction of federal courts**

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Unlike many defenses, challenges to subject matter jurisdiction may be raised at any time, even on appeal. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011). And they

can never be waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Courts "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction . . . ." *Henderson*, 562 U.S. at 434. "[T]hey may raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* If a court lacks subject matter jurisdiction, then it normally dismisses the case *without* prejudice "because the merits have not been considered." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (citation modified). However, when the lack of subject matter jurisdiction stems from an incurable defect, no other court has the power to hear the case. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). In such instances, the court should dismiss the action *with* prejudice. *Id.* (the district court did not abuse its discretion in dismissing the action with prejudice because sovereign immunity poses an absolute bar to jurisdiction).

## II.     *Rooker-Feldman*: a jurisdictional bar to reviewing state court judgments

Except in limited instances, federal courts may not adjudicate actions seeking to reverse or nullify a final state court judgment; that power belongs to the Supreme Court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *see also Noel v. Hall*, 341 F.3d 1148, 1154–55 (9th Cir. 2003) (in most cases the Supreme Court is the only federal court with jurisdiction to hear a direct appeal from the final judgment of a state court). *Rooker's* jurisdictional bar includes claims "inextricably intertwined" with issues resolved by the state court judgment. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16 (1983); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) (a federal claim is inextricably intertwined with a state court judgment when "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.").

*Rooker-Feldman* "stands for the relatively straightforward principle that federal district

courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (citation modified). A de facto appeal occurs when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citation modified).

There are four requirements for *Rooker-Feldman* to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff alleges injuries "caused by the state court judgment"; (3) the plaintiff filed the federal complaint after the state court issued a final judgment; and (4) the plaintiff seeks review of that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). *Rooker-Feldman* precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Id.* at 284.

## FACTS AND PRIOR PROCEEDINGS

Since the events giving rise to this controversy are muddled, the Court restates only essential alleged facts.

In 2017, Dr. Maynard E. Orme established the eponymous Trust that was a subject of prior state court proceedings. Def. Eldercare's Mot. Dismiss 2, ECF No. 23. Originally, Plaintiff, a daughter of Dr. Orme, was Co-Successor Trustee. *Id.* On September 29, 2023, after various interim proceedings, the Clackamas County Circuit Court entered a limited judgment appointing Defendant Eldercare as the Guardian and Conservator for Dr. Orme. *Id.* at Ex. 1 4, ECF No. 23–2.

In August of 2024, approximately one year after Defendant Eldercare became the Guardian

and Conservator for Dr. Orme, the Clackamas County Circuit Court ratified Defendant Eldercare as the Successor Trustee. Def. Eldercare's Mot. Dismiss Ex. 3 1. The court also prohibited Plaintiff "from taking any action relating to the Maynard E. Orme Trust or its assets without prior Court Order." *Id.* at 2.

On September 18, 2025, Plaintiff filed the instant action. While Plaintiff's complaint is not the model of clarity, she alleges that her father was subject to "a fraudulent guardianship proceeding that violated his constitutional rights, trust provisions, and federal and state laws." Compl. 2, ECF No. 1. Plaintiff seeks damages as well as injunctive and declaratory relief for "violations of federal civil rights statutes, elder abuse laws, and fiduciary obligations." *Id.* Plaintiff asserts that "the rulings by the Clackamas County Circuit Court that were premised on the erroneous assertion of jurisdiction have allowed the defendant to drain, pilfer and/or otherwise diminish" the Trust. *Id.* at 8. Plaintiff also moved for summary judgment "on the grounds that the guardianship proceedings initiated in Clackamas County Circuit Court were jurisdictionally deficient . . . ." Pl.'s Mot. Summary J. 1, ECF No. 22.

## DISCUSSION

### I. *Rooker-Feldman* deprives this Court of jurisdiction over Plaintiff's claims

*Rooker-Feldman* poses an insurmountable jurisdictional hurdle for Plaintiff's case. Because Plaintiff (1) lost in state court; (2) complains of injuries caused by the state court judgment; (3) brought this action after state court proceedings had ended; and (4) asks this Court to reject the state court judgment, *Rooker-Feldman* divests this Court of jurisdiction.

### a. Plaintiff's claims meet *Exxon's* four requirements for *Rooker-Feldman* to apply

#### i. *Plaintiff lost in state court*

Plaintiff lost in state court, the first requirement for *Rooker-Feldman* to apply. *Exxon Mobil Corp.*, 544 U.S. at 284; Clackamas County Circuit Court Case No. 23PR01100[1]; Clackamas County Circuit Court Case No. 24PB01364[2]; Radmacher Decl. Ex. 1 1–5, ECF No. 30–1. Plaintiff even states, "the actions of the Oregon appellate courts have offered no relief to the Plaintiff despite numerous efforts . . . ." Compl. 16.

> ii.  *Plaintiff complains of injuries inflicted by a state court judgment and asks this Court to review and reject that judgment*

Oregon state court judgments are the source of Plaintiff's alleged injuries, the second requirement for *Rooker-Feldman* to apply. *Exxon Mobil Corp.*, 544 U.S. at 291. "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Henrichs v. Valley View Develop.*, 474 F.3d 609, 613 (9th Cir. 2007) (citation modified). The *Henrichs* Court found that the plaintiff unambiguously asked the district court to void the state court judgment. *Id.* at 614. "Such a claim is squarely barred by *Rooker-Feldman*; a request to declare the state court judgment void seeks redress from an injury caused by the state court itself." *Id.* (citing *Noel*, 341 F.3d at 1164–65).

Like *Henrichs*, Plaintiff complains of injuries caused by a state court judgment, arguing that "the guardianship proceedings initiated in Clackamas County Circuit Court were jurisdictionally deficient . . . ." Pl.'s Mot. Summary J. 1–2. Plaintiff seeks redress from the state

---

[1] On September 29, 2023, the Clackamas County Circuit Court entered a limited judgment in *In the Matter of the Guardianship and Conservatorship of Maynard Orme,* No. 23PR01100. Def. Eldercare's Mot. Dismiss Ex. 1, ECF No. 23–2. The judgment appointed Defendant Eldercare Resources, Inc. as the Guardian and Conservator for Dr. Maynard Orme, Plaintiff's father and Grantor of the Trust at issue. *Id.* at 5–7; *see also id.* at Ex. 2; Ex. 3. For clarity, Defendant Eldercare was the plaintiff in *In the Matter of the Guardianship and Conservatorship of Maynard Orme*.
[2] On August 2, 2024, the Clackamas County Circuit Court issued an order ratifying, appointing, and confirming Defendant Eldercare Resources, Inc. as Successor Trustee of the Maynard E. Orme Trust, No. 24PB01364; Def. Eldercare's Mot. Dismiss Ex. 3. Defendant Eldercare was the plaintiff in *In the Matter of the Maynard E. Orme Trust*.

court's guardianship orders—the fourth requirement for *Rooker-Feldman* to apply—"due to the lack of jurisdiction." *Id.* at 4; *Exxon Mobil Corp.*, 544 U.S. at 291. Plaintiff justifies this request by claiming that the state court's incorrect finding of jurisdiction spawned injurious orders. "Defendants used state court orders, premised on a jurisdictionally deficient petition, to sell Dr. Orme's properties, and deplete his estate." Pl.'s Mot. Summary J. 6.

Because Plaintiff both alleges a legal error by the state court *and* seeks relief from the state court's final judgment, she brings here a forbidden de facto appeal. *See Bell*, 709 F.3d at 897 (citation modified) (when a plaintiff seeks relief from a state court judgment, it is a "forbidden de facto appeal only if the plaintiff *also* alleges a legal error by the state court.").

### iii.   *Plaintiff brought this action after state court proceedings had ended*

As for the third *Exxon* requirement, Plaintiff filed her federal Complaint after the relevant state court proceedings had ended. On September 29, 2023, the Clackamas County Circuit Court issued a limited judgment appointing Defendant Eldercare as Guardian and Conservator of Mr. Maynard E. Orme. Def. Eldercare's Mot. Dismiss Ex. 1 5–7. The Oregon Court of Appeals dismissed Plaintiff's notice of appeal for lack of jurisdiction. Radmacher Decl. Ex. 1 19. The Oregon Supreme Court then denied Plaintiff's petition for review. *Id.* at Ex. 5. In that petition for review, Plaintiff alleges that the guardianship proceedings at the state court were jurisdictionally deficient for lack of personal service, the same argument she makes to this Court. Radmacher Decl. Ex. 1 14; *see also* Compl. 6–7.

Regarding the related case, 24PB01364, the Clackamas County Circuit Court entered judgment on August 2, 2024, ratifying, appointing, and confirming Defendant Eldercare as the "acting proper Successor Trustee of the Maynard E. Orme Trust[.]" Def. Eldercare's Mot. Dismiss Ex. 3 1. Plaintiff did not file a notice of appeal in that case. To be sure, the state court proceedings

ended months before Plaintiff filed the instant action on September 18, 2025.

### b. Plaintiff fails to place her case outside of *Rooker-Feldman's* reach

Plaintiff falls short of overcoming *Rooker-Feldman*. Plaintiff argues that her claims brought under §§ 1983, 1985, and 1986 are "independent federal claims that challenge the conduct of the Defendants, not the validity of the state court judgment itself." Pl.'s Mot. Summary J. 4. Yet the conduct she speaks of is "Defendants' reliance on these void orders to justify their actions . . . ." *Id.* at 7.

In *Carmona*, the federal plaintiff argued that the disputed family court orders were based on "an erroneous application of ERISA preemption law and that the family court unlawfully reassigned benefits in which she had an irrevocable vested interest." 603 F.3d at 1051. The *Carmona* plaintiff sought relief from the state court orders, asking the federal district court to nullify the family court proceedings. *Id.* The court affirmed the district court's application of *Rooker-Feldman* because the plaintiff complained of an injury caused by the state court's legal error and requested relief from its judgment. *Id.* Much like *Carmona*, Plaintiff's argument boils down to this: the state court made a legal error upon which Defendants relied, exploiting her father and depleting his estate. Pl.'s Mot. Summary J. 6–7. This is the exact type of claim *Rooker-Feldman* precludes.

It is true that Plaintiff alleges several federal law violations. *See* Pl.'s Mot. Summary J. 4–6. But she states in the next breath, "Defendants' reliance on these void orders to justify their actions, including financial exploitation and isolation of Dr. Orme, underscores the need for this Court to intervene and declare the orders invalid." Pl.'s Mot. Summary J. 7. What makes the orders invalid? The "jurisdictional deficiency" alleged by Plaintiff. *Id.* at 6.

Underlying Plaintiff's claims is her desire for this Court to review a state court judgment—

including its finding of jurisdiction—and void it. Because Plaintiff's claims depend on the state court having wrongly decided jurisdiction, she cannot bring them before this Court. *See, e.g., Pennzoil Co.*, 481 U.S. at 25. Plaintiff confuses the holding in *In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000). She states the case's holding as "federal courts may review state court judgments for jurisdictional defects." Pl.'s Mot. Summary J. 4. *Gruntz* instead holds that *bankruptcy* courts "are empowered" to avoid, modify, and discharge state court judgments. 202 F.3d at 1079. This is not a bankruptcy court. Despite her attempt to end-run around *Rooker-Feldman*, Plaintiff challenges the validity of a state court judgment and asks this Court to reject it for lack of jurisdiction.

## CONCLUSION

Because Plaintiff requests the Court to review and reject a state court judgment, *Rooker-Feldman* bars her claims. This action is **DISMISSED**, with prejudice.

**IT IS SO ORDERED**.

DATED this 10th day of November 2025.

                                      ___s/Michael J. McShane_____
                                              Michael McShane
                                      United States District Judge